| | |
|---|---|
| CITY OF CHARLOTTESVILLE; CHAMPION BREWING CO., LLC; ESCAFÉ; MAS TAPAS; MAYA RESTAURANT; QUALITY PIE; RAPTURE RESTAURANT AND NIGHT CLUB; ALAKAZAM TOYS AND GIFTS; ALIGHT FUND LLC; ANGELO JEWELRY; HAYS + EWING DESIGN STUDIO, PC; WOLF ACKERMAN DESIGN, LLC; WILLIAMS PENTAGRAM CORPORATION; BELMONT-CARLTON NEIGHBORHOOD ASSOCIATION; LITTLE HIGH NEIGHBORHOOD ASSOCIATION; and WOOLEN MILLS NEIGHBORHOOD ASSOCIATION,<br><br>       Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA LIGHT FOOT MILITIA, NEW YORK LIGHT FOOT MILITIA, VIRGINIA MINUTEMEN MILITIA, AMERICAN FREEDOM KEEPERS, LLC, AMERICAN WARRIOR REVOLUTION, REDNECK REVOLT, SOCIALIST RIFLE ASSOCIATION, TRADITIONALIST WORKER PARTY, VANGUARD AMERICA, LEAGUE OF THE SOUTH, INC., NATIONAL SOCIALIST MOVEMENT, JASON KESSLER, ELLIOTT KLINE, CHRISTIAN YINGLING, GEORGE CURBELO, FRANCIS MARION, ACE BAKER, MATTHEW HEIMBACH, CESAR HESS, SPENCER BORUM, MICHAEL TUBBS, and JEFF SCHOEP,<br><br>       Defendants. | Case No. 3:17-CV-00078<br>Judge Glen E. Conrad |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT AND FOR ATTORNEYS' FEES**

This case concerns five Virginia-law causes of action alleging violations of the Virginia Constitution, Virginia statutes, and Virginia common law. It belongs in state court. Defendant Jason Kessler has nonetheless removed the case to this Court on the baseless assertion that it "arises under" federal law. A cursory review of the relevant law governing federal question jurisdiction, which the Supreme Court described as "settled" thirty years ago, *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987), demonstrates that Kessler's position is devoid of merit and that federal jurisdiction is lacking. Kessler also failed to obtain the consent to removal, as required by 28 U.S.C. § 1446(b)(2)(A), of any of the other 12 defendants who had been served by the time he filed his Notice of Removal. Because Kessler's Notice of Removal lacks any objectively reasonable basis, this Court should exercise its discretion under 28 U.S.C. § 1447(c) to award attorneys' fees.

## BACKGROUND

This case is an outgrowth of defendant Kessler's and his 21-codefendants' unlawful paramilitary conduct during the Unite the Right rally that took place in Charlottesville, Virginia, on August 12, 2017. ECF No. 1, Ex. 1 ("Complaint"), ¶¶ 3-7. As alleged in detail in Plaintiffs' Complaint, Kessler's and his co-defendants' actions caused substantial and irreparable injuries to each Plaintiff. *Id.* ¶¶ 124-40. To prevent future infliction of similar harms, Plaintiffs filed this action in Charlottesville Circuit Court on October 12, 2017, seeking solely declaratory relief and an injunction preventing Kessler and his co-defendants from arranging and participating in the same paramilitary conduct in the future, as they have threatened to do. *Id.* at 77-78.

Plaintiffs' complaint sets forth five counts as bases for the requested equitable relief, each of which relies solely on Virginia state law. Count 1 alleges that defendants' threatened future conduct will violate the Virginia Constitution's Strict Subordination Clause, which provides that
2

"in all cases the military should be under strict subordination to, and governed by, the civil power." *See* Va. Const. Art. 1, § 13; Complaint ¶¶ 210-18. Counts 2, 3, and 4 allege that defendants' threatened future conduct will violate Virginia's prohibitions against unauthorized paramilitary activity and falsely assuming the functions of peace officers. *See* Complaint ¶¶ 219-40; Va. Code § 18.2-433.2; Va. Code § 18.2-174. Finally, Count 5 alleges that defendants' threatened future conduct will constitute a public nuisance under Virginia common law. Complaint ¶¶ 241-47.

Following the filing of the Complaint, Plaintiffs began the process of effecting service on Kessler and his co-defendants. Kessler was served on October 14, 2017. *See* Declaration of Kyle McNew ("McNew Decl."), Ex. 1. Twelve other defendants were served between the filing of the Complaint and October 26, 2017. *Id.*, Exs. 2-13.[1]

On October 27, 2017, Kessler filed a Notice of Removal in this Court. The Notice of Removal invokes 28 U.S.C. § 1441 and contends that this case arises under federal law, purportedly on the basis that Plaintiffs have asked the Charlottesville Circuit Court to "enjoin and/or suspend Defendant's rights to free expression, to peaceably assemble, and to petition the government" and that Plaintiffs' suit will violate Kessler's alleged substantive due process rights to "bodily integrity," to "self-defense," and "to keep and bear arms." Notice of Removal, ECF No. 1, at 1-2. The Notice of Removal further states that Kessler "is the only served and properly joined defendant at this point." *Id.* at 2. Before filing the Notice of Removal, Kessler's counsel never called, emailed, or otherwise attempted to communicate with Plaintiffs' counsel to confirm that no other defendants had been served. McNew Decl. ¶¶ 3-4.

---

[1] A 13th defendant was served on October 27. *See* McNew Decl., Ex. 14.

# ARGUMENT

Kessler's attempt to remove this action to federal court is lacking in both substance—all of Plaintiffs' claims arise under state law alone—and procedure—Kessler had not obtained the consent of any of the 12 co-defendants who had been served prior to removal. Because a legitimate basis for removal is so patently absent, this Court not only should remand the case to the Charlottesville Circuit Court, but also should exercise its discretion to award attorneys' fees.

### I. Remand is Warranted Because Plaintiffs' Claims Arise Under Virginia Law and Federal Court Jurisdiction Therefore Does Not Exist.

Plaintiffs' state law causes of action provide no foundation for the removal of this case to federal court. The removal statute on which Kessler relies, 28 U.S.C. § 1441(a), permits a state court defendant to remove to federal court an action over which a federal court has original jurisdiction, which includes actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014). A determination of whether a claim "arises under" federal law—the only basis for federal jurisdiction Kessler asserts—"is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004). When state law creates the cause of action, federal jurisdiction exists under the well-pleaded complaint rule only in a "special and small category of cases" for which the inquiry is: "Does the state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?" *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (internal quotation marks omitted). Further, "a case may not be removed to federal court on the basis of a federal defense." *Flying Pigs, LLC*, 757 F.3d at 182 n.7 (quoting *Pinney v. Nokia, Inc.*, 402 F.3d

430, 443 (4th Cir. 2005)). This is so, as the Supreme Court has made clear and as this Court has recently noted, "even if the [federal] defense is anticipated in the plaintiff's complaint." *Claytor v. Volkswagen Grp. of Am., Inc.*, 189 F. Supp. 3d 602, 609 (W.D. Va. 2016) (quoting *Caterpillar*, 482 U.S. at 393).

The assertion in Kessler's Notice of Removal that this case arises under federal law cannot be reconciled with this black-letter law. All of Plaintiffs' claims are grounded purely in state law: one arises under the Virginia Constitution's Strict Subordination Clause, which has no federal analogue; three are based on Virginia criminal statutes and related Virginia case law holding that courts have authority to enjoin violations of criminal laws that cause special injuries to private parties, *see Black & White Cars, Inc. v. Groome Transp., Inc.*, 247 Va. 426, 430 (1994); and the final cause of action is a common law claim of public nuisance. State law provides the cause of action and "establishes a set of elements" for each of these claims, and each may be resolved "without reference to federal law." *Pinney*, 402 F.3d at 446. Federal "arising under" jurisdiction, it follows, is absent and removal was improper.

Nothing in the Notice of Removal disturbs this simple and straightforward conclusion. Although the Notice suggests Kessler will argue that the relief Plaintiffs have requested will affect his rights under the federal Constitution, a defense grounded in federal law—which is the *only* avenue through which a federal issue can enter this case—cannot satisfy the well-pleaded complaint rule and thus cannot give rise to federal jurisdiction. *See Caterpillar*, 482 U.S. at 393; *Flying Pigs, LLC*, 757 F.3d at 182 n.7. Nor is it material that Plaintiffs mentioned certain provisions of the federal Constitution in their Complaint, as they did so only to refute that the provisions bar Plaintiffs' claims. *See* Complaint ¶ 8 ("This suit does *not* seek to restrict the individual Second Amendment right to arm oneself for self-defense. *Nor* would it imperil

5

Defendants' First Amendment rights.") (emphases added). As discussed above, Plaintiffs' anticipation of the type of federal defenses Kessler now raises cannot provide grounds for "arising under" jurisdiction. *See Claytor*, 189 F. Supp. 3d at 609.

Accordingly, remand to the Charlottesville Circuit Court for lack of jurisdiction is warranted.

## II. Remand Is Warranted Because Kessler Failed to Obtain the Consent of His Co-Defendants.

In addition to the clear absence of federal jurisdiction, Kessler's attempt to remove this case to federal court fails because he has not obtained the consent of his co-defendants who have been served. Under what is known as the "rule of unanimity," when, as here, a case is "removed solely under [28 U.S.C. §] 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "[T]he obligation to join all defendants is based on whether the defendant actually has been served, not on the subjective knowledge of the removing party." *Barbera v. WMC Mortg. Corp.*, No. C 08-02677 SBA, 2009 WL 742843, at *2 (N.D. Cal. Mar. 18, 2009). Numerous courts have thus held that, at a minimum, a removing defendant must exercise reasonable diligence to determine which defendants have been served and to secure their consent prior to removal. *See, e.g.*, *Orozco v. EquiFirst Corp.*, No. CVC08-8064PA(CWX), 2008 WL 5412364, at *1 (C.D. Cal. Dec. 22, 2008); *Pianovski v. Laurel Motors, Inc.*, 924 F. Supp. 86, 87 (N.D. Ill. 1996); *see also Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 522 (D.N.J. 2012) (rejecting the argument that "reasonable diligence" can excuse a failure to obtain consent and requiring complete unanimity). The failure to contact plaintiff's counsel or other defendants to ascertain who has been served has been held to preclude a finding of reasonable diligence and thereby to require remand to state court. *See, e.g.*, *Evanston Ins. Co. v. Cozen O'Conner, P.C.*, No. CIV.A. 06-4687PGS, 2007 WL 869614, at *4, 6

(D.N.J. Mar. 20, 2007) ("[E]ven if Cozen O'Connor did not know whether Lloyds had been served, it could have telephoned plaintiff's attorney and asked."); *Pianovski*, 924 F. Supp. at 87. The burden of proving the requisite diligence lies with the defendant seeking removal. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

Here, Kessler has violated the rule of unanimity. It is undisputed that Kessler has failed to obtain the consent of any co-defendant, let alone all 12 that were served prior to the filing of the Notice of Removal. Although Kessler's Notice of Removal incorrectly asserts that no other defendant had been served, it provides no indication—even though Kessler bears the burden of proof, *see Strawn*, 530 F.3d at 296—that he exercised reasonable diligence to arrive at that false conclusion. That is because he did not. Kessler never called or emailed Plaintiffs' counsel, *see* McNew Decl. ¶¶ 3-4, who would have explained that other defendants had been served and that the returns of service were in the process of being collected from the process servers to be forwarded to the Charlottesville Circuit Court. Nor is there any averment in Kessler's Notice of Removal that he tried to contact any of his co-defendants to determine their service status. His failure in this regard undermines any claim of reasonable diligence. *See, e.g.*, *Evanston Ins. Co.*, 2007 WL 869614, at *6; *Pianovski*, 924 F. Supp. at 87.

The rule of unanimity "advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal in favor of remand." *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 328 (S.D.N.Y. 2005) (internal quotation marks omitted). Kessler's hasty removal risks depriving Plaintiffs of these protections. The Court should decline to reward his lack of diligence and should remand the case to state court.

### III. Because Kessler's Notice of Removal Lacks Any Objectively Reasonable Basis, the Court Should Exercise Its Discretion to Award Attorneys' Fees.

Kessler's attempt to remove this action on the basis of a federal defense is sufficiently lacking in merit that this Court should award Plaintiffs attorneys' fees. Courts have discretion to award attorneys' fees when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). That is the case here. It has been the law for three decades that a federal defense will not support removal. *See Caterpillar Inc.*, 482 U.S. at 393. Multiple courts, as a result, have awarded attorneys' fees where a defendant nevertheless attempted to remove a case by relying on a federal defense. *See, e.g.*, *Savino v. Savino*, 590 F. App'x 80, 81 (2d Cir. 2015) ("It is clear from [defendant's] arguments in this Court, which base her arguments for federal jurisdiction on various asserted federal defenses to [plaintiff's] application for sole custody, that she lacked an 'objectively reasonable basis for seeking removal,' and thus [plaintiff] was entitled to fees."); *HCR Manorcare Health Servs.-Chevy Chase v. Salakpi*, No. RWT 09CV2614, 2010 WL 1427428, at *3 (D. Md. Apr. 8, 2010); *Credit Union One v. Tindall*, No. CIV. 07-14505, 2008 WL 1805333, at *2 (E.D. Mich. Apr. 11, 2008). Kessler's decision to remove is no different—and is only compounded by his failure to obtain the consent of co-defendants and to exercise reasonable diligence before removing. Fees should be awarded.

### CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court remand this action to the Charlottesville Circuit Court and award attorneys' fees pursuant to 28 U.S.C. § 1447(c).

Respectfully Submitted,

/s/
Kyle McNew, Esq. (VSB #73210)

R. Lee Livingston, Esq. (VSB #35747)
MICHIEHAMLETT PLLC
500 Court Square, Suite 300
Charlottesville, VA 22902
Tel: (434) 951-7200
Fax: (434) 951-7254
kmcnew@michiehamlett.com
llivingston@michiehamlett.com
*Counsel for Plaintiffs*

Mary B. McCord*
Joshua A. Geltzer*
Amy L. Marshak*
Daniel B. Rice*
Robert Friedman*
Constitutional Advocacy and Protection
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, DC 20001
Tel: (202) 662-9042
*Counsel for Plaintiffs*

S. CRAIG BROWN (VSB #19286)
City Attorney
P.O. Box 911
605 East Main Street
Charlottesville, VA 22902
Tel: (434) 970-3131
*Counsel for the City of Charlottesville*

* Admitted pro hac vice in Charlottesville Circuit Court only; not admitted to practice before this Court.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November 2017, I electronically filed the foregoing Plaintiffs' Memorandum in Support of Motion to Remand using the CM/ECF system, which will send notice of such filing to all counsel of record, including the following:

Elmer Woodard (VSB 27734)
5661 US Hwy 29
Blairs, VA 24527
(434) 878-3422
isuecrooks@comcast.net

/s/
KYLE MCNEW (VSB #73210)
MichieHamlett PLLC
500 Court Square, Suite 300
Charlottesville, VA 22902
Tel: (434) 951-7200
Fax: (434) 951-7254
kmcnew@michiehamlett.com