IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

CITY OF CHARLOTTESVILLE ET AL.        Case No. **3:17-CV-00078**

    Plaintiff        Judge **CONRAD**

-v-

PENNSYLVANIA LIGHTFOOT MILITIA ET AL.

    Defendants

___

### MOTION TO DISMISS
___

Comes now the Defendant, Jason Kessler, by counsel, and pursuant to Fed R. Civ. P. 12(b)6, and moves to dismiss the Plaintiff's Complaint for the reasons that follow.

Plaintiffs filed a rambling, 81 page Complaint in the state court seeking declaratory and injunctive relief against defendant Jason Kessler and numerous other parties. Plaintiffs attempt to proceed under several criminal statutes, one Virginia constitutional section, and one common law tort. All of Plaintiffs' causes of action fail to state a cause of action or are otherwise legally barred.

                                       Jason Kessler

                                       By Counsel

1

Respectfully Submitted,

s/ Elmer Woodard_____
ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
*Trial Attorney for Defendant*


S/ James E. Kolenich (PHV pending)
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati OH 45249
Phone: 513.444.2150
Fax: 513.297.6065
e-mail: Jek318@gmail.com



CERTIFICATE OF SERVICE

I hereby certify this Notice and all accompanying documents were served via electronic mail and/or ECF on November 6, 2017 upon:

R. Lee Livingston
Kyle McNew
Michie Hamlett PLLC
kmcnew@michiehamlett.com
llivingston@michiehamlett.com

S. Craig Brown
City Attorney
brownc@charlottesville.org

        s/ Elmer Woodard
        _____
        E. Woodard (VSB 27734)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

CITY OF CHARLOTTESVILLE ET AL.    Case No. **3:17-CV-00078**

   Plaintiff                                           Judge **CONRAD**


   -v-

PENNSYLVANIA LIGHTFOOT MILITIA ET AL.

   Defendants

## *Memorandum in Support of Defendant Kessler's Motion to Dismiss*

Defendant has moved to dismiss the Plaintiffs' Complaint. As set forth below, the court should grant the motion. In a Rule 12(b)(6) context, the court must determine whether the complaint alleges sufficient facts to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Resolving this question under the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the court to accept Plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief and sufficient factual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Under this standard, Plaintiffs' Complaint should be dismissed in its entirety, because, as set forth below, it seeks speculative relief, improperly claims a private right of action under criminal statutes, improperly asks this court to find a nuisance, and seeks to enjoin lawful behavior of which Plaintiffs do not approve.

1. **Declaratory and Injunctive relief is not available to the Plaintiffs**

In Virginia, declaratory judgment requires an "actual controversy….based on present facts." *Aetna Life & Cas. Co.* 229 Va. 95, 302 S.E. 2d 529, 531 (1983). A declaratory judgment claim is justiciable only if the claim is based on present rather than future or speculative facts. *Martin v. Garner* 745 S.E. 2d 419, 422. (2013.)

The federal standard is the same. *MedImmune, Inc. v. Genentech Inc*. 549 U.S. 118, 127 (2007) (Case requiring allegations of "sufficient immediacy and reality to warrant the issuance of declaratory judgment.) See also *Shore Bank v, Harvard* 934 F. Supp 2d 827, 837 (E.D. Virginia 2013).

In 81 pages worth of trying, Plaintiffs have come up with exactly nothing that could reasonably be called "present, rather than future or speculative" nor "sufficiently immediate." There is no allegation that Mr. Kessler has scheduled another march or is organizing another rally or presently and/or imminently engaged in same or any part of the same.

Since Plaintiffs have failed to properly state a declaratory judgment claim "they likewise may not recover the injunctive relief requested." *Lafferty v. School Bd. Of Fairfax County, 798* S.E. 2d 164, 170 (2017.)

4
Case 3:17-cv-00078-GEC   Document 22   Filed 11/06/17   Page 4 of 7   Pageid#: 161

**2. No other possible cause of action is stated in Plaintiffs Complaint**

To the extent Plaintiffs wishes to argue that some other cause of action exists in their 81 page opus, such an assertion would likewise fail.

First, Virginia law does not allow for a civil cause of action based on violations of criminal statutes. *Vansant & Gusler, Inc. v. Washington* 245 Va. 356, 429 S.E.2d 31 (1993). Federal Courts have recognized this prohibition. *Pace v. Medco* 2013 WL 3233469 *4 (E.D. Ky).

Second, Article I, §13 of the Virginia Constitution is "substantially identical to the rights founded in the Second Amendment" to the US Constitution and therefore will be given the same meaning as the Second Amendment. *DiGiacinto v. The Rector and Visitors of George Mason University* 704 S.E.2d 365, 369 (2011). Virginia is an "open carry" state. See Virginia Code 18.2-279 to 18.2-311.2. Moreover, Va. Code Sec. 18.2-433.3 18.2-433.3. provides:

Notwithstanding any language contained herein, no activity of any individual, group, organization or other entity engaged in the lawful display or use of firearms or other weapons or facsimiles thereof shall be deemed to be in violation of this statute.

There is no allegation Jason Kessler carried a gun or told anyone to carry a gun in the Complaint, and even if there were it would have been lawful behavior under relevant law.

Third, the Plaintiff has failed to state a "public nuisance" claim. A public nuisance must be substantial, extensive, and continue long enough to legally amount to a nuisance. It is not legally possible for a nuisance to be sporadic or isolated. *Breeding ex rel.*

5

*Breeding v. Hensley,* 519 S.E.2d 369, 372 (1999). The plaintiffs' allegations are based on a single public incident and speculation about potential future conduct.

**3. Conclusion**

Accordingly, Plaintiffs complaint must be dismissed in its entirety as against defendant Jason Kessler.[1]

Respectfully Submitted,

s/ Elmer Woodard _____
ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
*Trial Attorney for Defendant*

S/ James E. Kolenich (PHV pending)
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati OH 45249
Phone: 513.444.2150
Fax: 513.297.6065
e-mail: Jek318@gmail.com

CERTIFICATE OF SERVICE

---

[1] Mr. Kessler is aware that a Motion to Remand was filed on November 3, 2017 and is further aware of his time limit for responding to same. Mr. Kessler will not object to the Court suspending the ordinary briefing schedule as to this motion to dismiss until the remand issue has been adjudicated.

I hereby certify this Notice and all accompanying documents were served via electronic mail and or ECF system on November 6, 2017 upon:

R. Lee Livingston
Kyle McNew
Michie Hamlett PLLC
kmcnew@michiehamlett.com
llivingston@michiehamlett.com

S. Craig Brown
City Attorney
brownc@charlottesville.org

                                             s/ Elmer Woodard
                                             _____
                                             E. Woodard (VSB 27734)

7
Case 3:17-cv-00078-GEC   Document 22   Filed 11/06/17   Page 7 of 7   Pageid#: 164