IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

CITY OF CHARLOTTESVILLE ET AL.   Case No. **3:17-CV-00078**

    Plaintiff   Judge **CONRAD**

-v-

PENNSYLVANIA LIGHTFOOT MILITIA ET AL.

    Defendants

## MEMORANDUM IN SUPPORT

Defendant has moved to dismiss the Plaintiffs' Complaint. As set forth below, the court should grant the motion. In a Rule 12(b)(6) context, the court must determine whether the complaint alleges sufficient facts to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Resolving this question under the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the court to accept Plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief and sufficient factual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks

3

omitted). Plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Under this standard, Plaintiffs' Complaint should be dismissed in its entirety, because, as set forth below, it seeks speculative relief, improperly claims a private right of action under criminal statutes, improperly asks this court to find a nuisance, and seeks to enjoin lawful behavior of which Plaintiffs do not approve.

**1. Declaratory and Injunctive relief is not available to the Plaintiffs**

In Virginia, declaratory judgment requires an "actual controversy….based on present facts." *Aetna Life & Cas. Co.* 229 Va. 95, 302 S.E. 2d 529, 531 (1983). A declaratory judgment claim is justiciable only if the claim is based on present rather than future or speculative facts. *Martin v. Garner* 745 S.E. 2d 419, 422. (2013.)

The federal standard is the same. *MedImmune, Inc. v. Genentech Inc.* 549 U.S. 118, 127 (2007) (Case requiring allegations of "sufficient immediacy and reality to warrant the issuance of declaratory judgment.) See also *Shore Bank v. Harvard* 934 F. Supp 2d 827, 837 (E.D. Virginia 2013).

In 81 pages worth of trying, Plaintiffs have come up with exactly nothing that could reasonably be called "present, rather than future or speculative" nor "sufficiently immediate." There is no allegation that Eli Mosley has scheduled another march or is organizing another rally or presently and/or imminently engaged in same or any part of the same.

Since Plaintiffs have failed to properly state a declaratory judgment claim "they likewise may not recover the injunctive relief requested." *Lafferty v. School Bd. Of Fairfax County,* 798 S.E. 2d 164, 170 (2017.)

**2. <u>No other possible cause of action is stated in Plaintiffs Complaint</u>**

To the extent Plaintiffs wishes to argue that some other cause of action exists in their 81 page opus, such an assertion would likewise fail.

First, Virginia law does not allow for a civil cause of action based on violations of criminal statutes. *Vansant & Gusler, Inc. v. Washington* 245 Va. 356, 429 S.E.2d 31 (1993). Federal Courts have recognized this prohibition. *Pace v. Medco* 2013 WL 3233469 *4 (E.D. Ky).

Second, <u>Article I, §13</u> of the Virginia Constitution is "substantially identical to the rights founded in the Second Amendment" to the US Constitution and therefore will be given the same meaning as the Second Amendment. *DiGiacinto v. The Rector and Visitors of George Mason University* 704 S.E.2d 365, 369 (2011). Virginia is an "open carry" state. See Virginia Code <u>18.2-279</u> to <u>18.2-311.2</u>. Moreover, Va. Code Sec. 18.2-433.3 18.2-433.3. provides:

Notwithstanding any language contained herein, no activity of any individual, group, organization or other entity engaged in the lawful display or use of firearms or other weapons or facsimiles thereof shall be deemed to be in violation of this statute.

There is no allegation Eli Mosley carried a gun at all nor that Mosley had anything to do with anybody displaying or using firearms or other weapons in an unlawful way. Importantly neither Mosley nor any member of any organization he is

5

accused of belonging is alleged to have been arrested for or charged with any weapons offense by state authorities.

Third, the Plaintiff has failed to state a "public nuisance" claim. A public nuisance must be substantial, extensive, and continue long enough to legally amount to a nuisance. It is not legally possible for a nuisance to be sporadic or isolated. *Breeding ex rel. Breeding v. Hensley,* 519 S.E.2d 369, 372 (1999). The plaintiffs' allegations are based on a handful of infrequent public gatherings and speculation about potential future conduct.

### 3. Conclusion

Accordingly, Plaintiffs complaint must be dismissed in its entirety as against defendant Eli Mosley.

Respectfully Submitted,

s/ Elmer Woodard
ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
*Trial Attorney for Defendant*

S/ James E. Kolenich (PHV pending)
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati OH 45249
Phone: 513.444.2150
Fax: 513.297.6065
e-mail: Jek318@gmail.com

CERTIFICATE OF SERVICE

I hereby certify this Notice and all accompanying documents were served via the Court's ECF system on November 17, 2017 upon:

All parties of record. No party is entitled to or has requested service by other means.

s/ Elmer Woodard
_____
E. Woodard (VSB 27734)
